# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LINDA A. MARTUS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1024** (BOR Appeal No. 2050399)
                          (Claim No. 990041403)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Linda A. Martus, by Jerome J. McFadden, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by B. Allen Campbell, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2015, in which the Board affirmed an April 7, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 11, 2014, decision to deny the request for a lumbar MRI and authorization for appointments at a pain clinic.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] Ms. Martus withdrew her protest to the denial of a referral to a pain clinic.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Martus, a nurse for Princeton Community Hospital Association, injured her lower, middle, and upper back while moving two patients on November 25, 1998. The claim was eventually held compensable for a lumbosacral, thoracic, and cervical spine sprain, as well as major depressive disorder, single episode.

Saghir Mir, M.D., performed an independent medical evaluation of Ms. Martus on April 30, 2000. Dr. Mir concluded that she was at maximum medical improvement and suffered 12% whole person impairment. On November 20, 2002, George Orphanos, M.D., performed an independent medical evaluation. He found her to be at maximum medical improvement. He recommended 5% whole person impairment for the cervical spine and 5% whole person impairment for the lumbosacral spine. On August 29, 2011, A.E. Landis, M.D., performed an independent medical evaluation. He opined that she reached her maximum degree of medical improvement a long time ago.

Ms. Martus introduced office notes dated October 15, 2014, from Robert Kropac, M.D. Ms. Martus stated that she had been having more low back and neck pain than usual. She was now complaining of right lower extremity radiation pain. Since the last evaluation, she had moved to the Beckley area and wanted a referral to a pain clinic in this area. She stated that her neck pain was constant to some degree, but was exacerbated by activity and motion. Her low back pain was worse than it was previously. It was exacerbated by bending, stooping, or any other activity. Dr. Kropac's diagnosis was cervicodorsal musculoligamentous strain and lumbosacral musculoligamentous strain. His plan was to rule out lumbar disc herniation with lower extremity radiculitis. He wanted her to continue on her medications and use a TENS unit. He also requested an MRI and pain clinic visits. The claims administrator denied Dr. Kropac's request for lumbar MRI and authorization for visits to the Beckley Pain Clinic on December 11, 2014. Ms. Martus did not appeal the portion of the decision that denied authorization for visits to a pain clinic.

The Office of Judges found that the requested lumbar MRI was not medically related and reasonably required to treat Ms. Martus's 1998 injury. The Office of Judges found that Ms. Martus did not complain of radicular pain to the lower extremities until October of 2014, which was almost sixteen years after the compensable injury. Furthermore, the Office of Judges noted that the claim was only held compensable for a minor sprain injury. The Office of Judges noted that the MRI might be useful for diagnostic purposes if it was requested in close relation to the injury. However, the Office of Judges concluded it was requested due to pre-existing degenerative changes. As a result, the Office of Judges affirmed the claims administrator's denial of treatment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the conclusions of the Office of Judges and Board of Review. The evidence indicates that Ms. Martus had reached her maximum degree of medical improvement from her minor sprain and did not require further treatment. Because the Office of

Judges and Board of Review reached a conclusion that was supported by the evidence, it was proper.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3